UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERANIECE WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 07-9713 |
| AMERICAN SECURITY INS. CO., ET AL | SECTION: "S" (3) |

## ORDER AND REASONS

The motion to remand filed on behalf of the plaintiff Veraniece Williams is GRANTED.

## BACKGROUND

This is a Katrina insurance dispute which was removed to this court from the Civil District Court for the Parish of Orleans, State of Louisiana.[1]  The underlying petition is silent with regard to the damages sought, and seeks further homeowner's insurance proceeds, penalties and attorney's fees under a policy issued by defendant American Security.

Defendant asserts that this court has diversity jurisdiction under 28 U.S.C. §1332. Defendant asserts that plaintiff is a citizen of Louisiana and that American Security is a corporation under the

---

[1] *Veraniece Williams v. American Security Ins. Co., et al*, No. 07-9949, Civil District Court for the Parish of Orleans, State of Louisiana.

last of Delaware with its principle place of business in Georgia,[2] and that the amount in controversy exceeds $75,000.

Plaintiff claims that defendant has failed in its burden in proving the requisite amount in controversy to satisfy diversity jurisdiction. Defendant acknowledges that during a pre-suit mediation attempt, a settlement agreement had been reached in the amount of $24,600, with the only unresolved issue being an amount to replace banister spindles (in support, defendant attaches documents from the mediation conference). However, defendant nonetheless urges that the amount in controversy exceeds $75,000 because plaintiff's Petition alleges that her property required "massive repairs," leading defendant to believe that plaintiff is seeking the remainder of the policy limits of $210,009.10, and because plaintiff alleges entitlement to penalties and attorney's fees. Defendant further explains that should plaintiff be successful in securing the rest of the policy limits, penalties would be 50% (i.e., $105,004.55 under La. Rev. Stat §22:658), with potential consequential damages under La. Rev. Stat. §20:1220. Finally, defendant urges that Plaintiff was offered, but did not sign, a binding stipulation prepared by defendant that the amount in controversy is below $75,000.

**ANALYSIS**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of

---

[2] Plaintiff also named as defendant "Cetodal Contractors" ("Cetodal") and alleges that Cetodal is a Louisiana corporation. Cetodal has not been served. In its Notice of Removal, American Security contends that Cetodal was fraudulently joined, an issue that is not addressed in the instant motion to remand.

2

demonstrating that federal jurisdiction exists and therefore that removal was proper.[3]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[4]  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[5]

 In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages.  The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[6]  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[7]

When, as here, the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[8]  If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty

---

[3] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[4] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[7] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, , 1335 (5th Cir. 1995).

[8] *Allen*, 63 F.3d at 1336.

that the claims do not exceed $75,000.[9]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[10] The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[11]

In the underlying Petition, plaintiff does not allege a specific amount of damages. Plaintiff avers that Hurricane Katrina caused "extensive damage" and rendered plaintiff's property "unable to be occupied," necessitating "massive repairs,"[12] and that because plaintiff has "yet to receive a reasonable tender from the defendant insurer," defendant is in violation of La. Rev. Stat. §22:1220 (penalties) and §22:658 (attorney fees).[13] Under these circumstances, the court concludes that it is not facially apparent that the amount in controversy exceeds $75,000.

In its Notice of Removal, defendant states that it removed this case based on the remaining limits of its policy to plaintiff, $219,009.10. However, neither defendant nor plaintiff have provided any evidence, pre- or post-removal, as to the value of plaintiff's homeowner's policy, including a copy of the policy itself. Further, plaintiff does not claim damages for the total destruction of her

---

[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 U.S. 865 (1995).

[10] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[11] *See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[12] *See* Paragraph IX of plaintiff's Petition.

[13] *See* Paragraph XIV of plaintiff's Petition.

property, and the defendant has offered no evidence as to the value of plaintiff's claims. If anything, the unauthenticated documents that are attached to defendant's motion relative to a failed mediation tend to support that the plaintiff's claim is less than $75,000.

Defendant has not met its burden of proof through a preponderance that the amount in controversy exceeds $75,000, and that therefore, this court lacks diversity jurisdiction. Accordingly, the motion to remand is GRANTED.

New Orleans, Louisiana, this   25th   day of March, 2008.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE